**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT FREUND, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BENEFITS ACCESS CENTER, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive,

Defendants.

CASE NO.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.***

(JURY TRIAL DEMANDED)

Plaintiff Robert Freund brings this Class Action Complaint on behalf of himself and on behalf of all others similarly situated against Defendants Benefits Access Center, LLC and DOES 1 to 10, inclusive (collectively, "Defendants").

**NATURE OF ACTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This action seeks to hold Defendants accountable for making unsolicited pre-recorded telemarketing calls to people throughout the country, including Plaintiff. The TCPA strictly forbids nuisance calls and messages exactly like those alleged in this Complaint—i.e., intrusive pre-recorded voicemails to private cellular phones whose phone numbers are obtained without prior express consent of call recipients. Defendants' actions violated the statutory rights of both Plaintiff and thousands of other class members. This class action, therefore, is the best means of obtaining redress for Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

3. Plaintiff seeks an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

4. Plaintiff Robert Freund is an individual citizen and resident of Los Angeles, California.

5. On information and belief, Defendant Benefits Access Center, LLC is, and at all relevant times was, a Delaware limited liability company.

6. Defendants DOES 1 to 10, inclusive are individuals and/or entities (including, but not limited to, telemarketers hired by Benefits Access Center, LLC) whose true identities are currently unknown to Plaintiff but who, on information and belief, participated in the illegal activities complained of here. These Defendants may have participated in, contributed to, or aided and abetted the wrongful actions described in this Complaint. Once the true identities of these individuals are ascertained, Plaintiff will seek leave to amend the complaint to include their proper names and capacities.

7. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## JURISDICTION AND VENUE

8. Specific jurisdiction over a non-resident defendant exists where: (1) "[t]he non-resident defendant . . . purposefully direct[s] [it]s activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim is one that "arises out of or relates to" the defendant's activities in the forum state; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff need only establish the first two prongs, while it is the defendant's burden to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

9. ***Purposeful Availment.*** Under the first prong of the three-part test, "purposeful availment" includes both purposeful availment and purposeful direction, which are two distinct concepts. *Id.* Where a case sounds in tort, as here, courts employ the purposeful direction test. Purposeful direction requires the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802).

10. In determining whether phone calls are sufficient contacts with the forum state, district courts focus on whether the defendant "knew or should have known" that its calls or messages were sent into California. *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ("Where [defendant] knew or should have known that [plaintiff] is a Washington company, [defendant's] intentional acts were expressly aimed at the state of Washington."); *Fabricant v. Fast Advance Funding, LLC*, No. 2:17-cv-05753-AB (JCx), 2018 WL 6920667, at *3 (C.D. Cal. Apr. 26, 2018) (in a TCPA case, finding the plaintiff sufficiently alleged personal jurisdiction where the defendant made unsolicited phone calls to the plaintiff's cell phone that had a California area code); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting that the defendant would be subject to personal jurisdiction if it had intentionally made unsolicited calls to the plaintiff's cell phone, which had a California area code); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding that the defendant expressly aimed its conduct at California where some of the "thousands of similar unsolicited text messages" to the "general public" were sent to cell phones with California based area codes).

11. Here, Defendants purposely directed their conduct toward residents of Humboldt County, California. Defendants left unsolicited pre-recorded messages on Plaintiff's cellular device. Plaintiff's cellular device—which serves as his residential telephone—is assigned a (530) area code, which corresponds to a location in this district.

12. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, on information and belief, Defendants intentionally sent or transmitted, or intentionally caused to be sent or transmitted on their behalf, the same or substantially the same unsolicited pre-recorded messages that Plaintiff received to at least thousands of phone numbers, many of which had a California area code (including (530)). Defendants' unsolicited pre-recorded messages were expressly aimed

at, and caused harm to, California residents. Defendants' messages are a nuisance, an invasion of privacy, and an expense to everyone who received them, including Plaintiff.

13. ***Claim Arising Out of Action in the Forum Prong.*** Under the second prong of the three-part specific jurisdiction test, personal jurisdiction exists where, as here, the claim "arises out of or relates to" the defendant's activities in the forum state. Courts in the Ninth Circuit use a "but for" test to determine whether the claim "arises out of" the nonresident's forum-related activities. In other words, the test is satisfied if the plaintiff would not have suffered loss "but for" the defendant's activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

14. Here, Defendants' contact with the forum—making and directing unsolicited pre-recorded messages to recipients, including Plaintiff, in California (and elsewhere)—is the basis of their TCPA violations. But for Defendants' contact with the forum, Plaintiff (and the thousands of other individuals who received Defendants' unsolicited messages) would not have suffered harm.

15. ***Venue.*** Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants:

a) are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District;

b) do substantial business within this District; and

c) are subject to personal jurisdiction in this District because they have availed themselves of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

## <u>TCPA BACKGROUND</u>

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer

Protection Act of 1991, Pub. L. 102–243, §2(5), Dec. 20, 1991, 105 Stat. 2394 (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

17. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

18. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act*, 27 FCC Rcd. 1830, 1831 (2012 order).

19. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

20. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

21. Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

## FACTUAL ALLEGATIONS

22. Defendants are "person[s]" as the term is defined by 47 U.S.C. § 153(39).

23. Plaintiff's telephone number, 530-XXX-1654, is a cellular telephone line, which serves as Plaintiff's residential telephone. That number is assigned to a telephone service that is charged per the call.

24. Plaintiff never did any business with Defendants.

25. Despite that, Defendants made pre-recorded telemarketing calls to Plaintiff on January 4, 2026, including by leaving at least two pre-recorded voicemails. The calls followed the same pre-recorded telemarketing script. The calls were clearly pre-recorded because (a) the voice sounded like a robot, and (b) there was a delay prior to the message being played. The calls also identified "myreliefclaim.com" by name; and upon Plaintiff's investigation, myreliefclaim.com is a dba for Benefits Access Center, LLC, which is a Delaware LLC formed in October 2025.

26. Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

27. The calls and messages received by Plaintiff were sent for the purpose of encouraging him to purchase goods or services from Defendants—namely, to induce Plaintiff to engage Defendants for debt-related services. These calls and messages therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

28. Plaintiff and all members of the classes defined below have been harmed by the acts of Defendants because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

29. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

30. The classes of persons Plaintiff proposes to represent are tentatively defined as:

///

<u>TCPA Pre-Recorded Class</u>

All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of Defendants, called on their cellular telephone number, (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff.

***CA TCPA Pre-Recorded Class***

All persons in California who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of Defendants, called on their cellular telephone number, (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff.

31. Excluded from the classes are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The members of the classes as defined above are identifiable through phone records and phone number databases.

33. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

34. Plaintiff is a member of the classes.

35. There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:

a. Whether Defendants' calls and messages are solicitations;

b. Whether Defendants placed calls without the recipients' prior express written consent for the call;

c. Whether Defendants systematically made pre-recorded calls to class members; and

d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

36. Plaintiff's claims are typical of the claims of class members.

37. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. The actions of the Defendants are generally applicable to the classes as a whole and to Plaintiff.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

40. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT ONE

### Violations of the TCPA

### (47 U.S.C. §§ 227, *et seq.*)

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. Defendants and/or their agents transmitted unwanted telephone calls to Plaintiff and the other members of the classes using an artificial or pre-recorded voice message.

43. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the classes.

44. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the classes are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, for himself and all members of the classes, Plaintiff requests the following relief:

A. Certification of the proposed classes;

B. Appointment of Plaintiff as representative of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the classes of damages, as allowed by law, including treble damages and attorneys' fees;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

DATED: January 8, 2026 Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Kevin J. Cole

*Attorneys for Plaintiff and the Proposed Class*